Mr. Justice Bay
delivered his opinion as follows:
I have endeavored to give the authorities and grounds in this ease the best consideration my time would allow me, on the present occasion; and from the best view I have been able to take of the case, I am clearly of opinion, that there was nothing illegal in this contract, originally ; and if not illegal in its origin, then I think it is binding on the parties.
Every man is free to contract, or let it alone ; but if he thinks proper to enter into one, then the terms and conditions of it, unless immoral or illegal, become a law to him, and forms, what civilians call the law of the contract. On the present occasion, Mr. Chisolm had an undoubted right *393 to enter into any contract he thought proper, with the master in equity, for the purchase of the estate in question ; and on the other hand, the master in equity had an equal right to prescribe such terms and conditions as he thought proper, for the payment of the consideration money ; therefore, the parties stood in the most perfect reciprocity towards each other.
The next inquiry, then, is, whether there is anything illegal or immoral in the terms agreed upon by the parties ?
*The latter is not even insinuated, and as to the former, there ,, was certainly no existing law against it. The law, to be sure, L says, that if more than seven per cent, interest is reserved, for the use of money, it is usurious, and every such contract shall be void. But the law nowhere says, that a man may not make the legal interest payable in such manner, and at such times, as he may think fit and reasonable. This may be often necessary and proper for the support of families, and the convenience of women and children, where the principal sum is not immediately wanted. And is it for this Court to set bounds and limits, or to fix other terms and conditions, to contracts than those agreed upon by the parties themselves ? It would be a most dangerous assumption of power, if they did, utterly unknown to the laws of the country.
Let us examine a little further, and see what the nature of the contract, under consideration, was.
It was to pay the principal sum, mentioned in the condition of this bond, in three years, by three equal, annual instalments. There was surely nothing illegal in that part of the agreement. ISText, an agreement to pay the whole of the interest, due on the principal sum, at the end of each year as the instalments came round, and became payable. What interest ? Not usurious interest, but the legal interest of the country. Can any man pretend to say, that it was usurious to receive the legal interest at the rate of seven per cent., on the whole of the principal sum at the end of the year, when the first instalment became due ? No one will be hardy enough to assert that it was, even if the contract had been silent on the subject. But there was an express agreement that the interest should be paid at the end of every year. It is evident, then, that the whole of the interest became due, at the end of each year, and raised in law, an undertaking to pay the amount, as substantially, as if he had given a note or a bond, for a specific sum equal to thé interest. And I think I am fully confirmed and warranted in this opinion, from the *case from 2 ^, „ Mass. Rep. 568, quoted by plaintiff’s counsel, in the argument, L where a note was given payable in eight years, with interest annually ; in which it was held, that an action lay for the interest before the principal became due, at the expiration of each year. Now, I confess, I cannot see the difference between the Massachusetts case and the one under consideration, unless it be, that the one was upon a simple note of hand, and required an action to recover the interest, whereas, in this case, the whole was covered by the penalty of the bond, and the execution warranted the levy of the interest by the sheriff, without further suit.
The case quoted from Judge Taylor’s Reports, 231, Kennon v. Dickens, is equally as strong as the Massachusetts case. That, like the present, was a contract for the purchase of land, at, and for, the price of 1000Z. Virginia currency, on a credit of fifteen years, for the principal *394 sum; but the interest was to be paid annually, at the rate of six per cent. per annum, for which the defendant gave his bond, with security, in 2000Z. In that case it was decided by the Court, that there could be no doubt but that the instalments bore interest from the times they respectively became due; for, being the principal debts, and secured by specialty, such a consequence follows of course, upon the failure of the payment of interest according to the agreement of the parties. The Court then goes on and says, that as a general rule, interest upon interest is not allowable. But when the sum is ascertained, and the annual interest on it forms a part of the contract, and when it is so specific, that an action of debt may be maintained upon it, then it ought, in justice, to be allowed, to supply the place of prompt payment, and indemnity to the creditor for his forbearance.
It would seem that the foregoing authorities, and the reason and justice of the thing itself, would not require any further illustration of the principle, contended for by the plaintiff. But as there is some diversity of opinion on the subject, entertained by the bench, I have to observe, that in -I- my opinion the English* authorities confirm the above legal prin--[1] ciples of our sister States, as well as the decisions in our own State.
In the case quoted from Ord on Usury, 36, it is laid down, as decided law, that where a judgment is obtained on a debt due by record, interest is allowable on the original debt, interest and costs. In this case, it is evident, interest is allowable on interest, where such interest has become due, and has been fixed and ascertained. Eor which I add, that in 1 Black. Rep. 261, it is also laid down as a rule, that judgments at law bear interest on the accumulated sum of debt, interest and costs. So in Brown v. Barkham, 1 P. Wms. 653, Lord Parker says, a master’s report, computing interest, makes that interest principal to carry interest; for a report is as a judgment of the Court, and the party’s disobedience, in not complying with the time of payment, ought to subject him to payment of interest. So that both the Courts of law and equity concur upon the point of interest carrying interest in all cases where judgments are entered up, or where a sum is reported due by a master in chancery.
In the ease of Gladman v. Henchman, 2 Vern. 135, a mortgage was made for 450Z., principal, payable at the end of five years, and in the mean time, interest to be paid half yearly. No interest being paid, about two months before the five years were expired, the mortgagee assigned to defendant in consideration of 560Z., being then so much due for principal and interest. The question then before the Court, was whether the interest then due, should carry interest. It was objected, that “the mortgagee ought not to have assigned until the five years were quite expired; Sed non allocatur ; for the mortgage was forfeited long before, by nonpayment of the interest. And the Court decreed the 560L, to be paid, with interest from the time of assignment.” This was only carrying into effect the original agreemeut of the parties, and as the interest had not been paid up half yearly, as stipulated, the Court allowed interest upon *,,-¶ the interest, *which should have been paid as an indemnification J for the delay; and this is, in my opinion, exactly such a case as the one now under consideration.
In 1 Eq. Ca. Ab. 281, Chesterfield v. Cromwell, Lord Chancellor *395 Wright lays it down as a rule, that though, regularly, interest shall not carry interest, yet in some cases it would be singularly unjust, not to allow it; particularly when made for the benefit of infants, who, without this agreement, might be destitute of subsistence. In this latter case the party was held to his agreement to pay the interest as stipulated; and in default, was compelled to pay interest upon the interest, as it became due.
The cases in our own Courts, where interest has been allowed upon interest on judgments, are the case of Lamkin v. Nance,[1] determined at Columbia, in April, 1806, and that of[2] the Assignees of Miller a bankrupt, against the Executors of John Faber, determined at Charleston, in 1801. These were both actions on judgments, and the Court held, in both cases, that the plaintiffs were entitled to interest on the accumulated sum of the original debt, interest and costs, and I may add that a great variety of other cases have been determined, upon similar principles, since.[3]
As to the case quoted for the defendant, by his counsel, Mr. Peioheatt, from Salk. 449, where it is said, “that a proviso in a mortgage, to make interest principal, if it was behind and unpaid for six months, was vain and of no use ; and that to make such an agreement valid, it is necessary that the interest should grow due for it; and then an agreement concerning it may make it principal.” With great respect to the memory of the learned sergeant, who reports that case, I cannot bring myself to assent to the reason, and the conclusion he draws from it, especially after the numerous and pointed authorities I have already quoted, in support of the present motion, most of which are later authorities than the one reported by Sergeant Salkeld, and consequently go to overrule the decision made in the above case. But the principal objection I have to *it, ,-* .- is, that it goes to abridge and destroy one of the original rights L of mankind, in the formation of contracts, and that free agency to which every man has a natural right, in making his own agreements.
In all those cases where the policy of the law forbids certain contracts, I admit, that every man is circumscribed; but in all other cases he is unrestrained. It is not alleged in the case in Salkeld, that there was any thing illegal in it, or that it was prohibited by law; only that it was vain and of no use, because the interest had not become due ; or, in other words, that a man had not a right to contract or stipulate upon a contingency, which was to happen after the contract was made, and which was to spring out of the contract itself, as one of its certain and eventual consequences. I confess, I cannot see the force of this kind of reasoning, upon such a subject, and therefore cannot yield my assent to it. I am constrained to give the same answer to the cases quoted by the defendant’s counsel, from 1 Binney, 115, and Johnson’s Chan. Ca. 14. But even to give all those cases, their utmost latitude, as contended for, they are not analogous to the case under consideration; for they were all cases to convert interest into principal, as it became due ; whereas, in this case, it is an agreement to pay the legal interest to the plaintiff, on the principal sum, at the end of every year, for his convenience or subsistence, as he thought proper to appropriate it. There is, therefore, nothing *396 illegal or unjust in the whole transaction, on the part of the plaintiff, and he appears to me to be as justly entitled to interest on the sum, which should have been paid him at the end of every year, for interest, as he was to any part of the principal sum mentioned in the condition of the bond, agreeably to the original intent and design of the parties when the contract was made and entered into.
I am, therefore, of opinion, that the rule should be made absolute, against the sheriff, unless he will go on and levy the interest on the different payments, which were to have been made for interest money, at *^e end of each year, agreeably to the condition of the bond. But -* if he will raise and collect the same, and pay the amount over to the plaintiff or his attorney, that then, and in that case, the rule to be forthwith discharged.

 2 Brev. 99.

 MSS.

 See 1 vol. 244, note.